IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CR-95-D
No. 7:18-CR-115-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TIMOTHY R. THACKER, | ) | |
| | ) | |
| Defendant. | ) | |

On September 7, 2022, Timothy R. Thacker ("Thacker" or "defendant") filed a pro se motion for compassionate release under the First Step Act ("First Step"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 71].[1] On September 7, 2022, the court appointed counsel for Thacker [D.E. 72]. On September 15, 2022, counsel for Thacker filed a notice of appearance [D.E. 77]. On August 15, 2023, Thacker, now through counsel, supplemented his pro se motion [D.E. 91]. On August 29, 2023, the government responded in opposition [D.E. 93]. As explained below, the court denies Thacker's motions for compassionate release.

I.

"Thacker is among the most notorious and relentless drug dealers in the history of this court." [D.E. 89] 1. On May 15, 2018, in case number 7:18-CR-95-D, pursuant to a plea

---

[1] Unless otherwise noted, all citations are to the docket in case number 7:18-CR-115-D. Thacker's motions for compassionate release and the government's responses in opposition are identical in both of Thacker's cases. Compare United States v. Thacker, 7:18-CR-95-D (E.D.N.C. Aug. 6, 2019), [D.E. 59, 61], with United States v. Thacker, No. 7:18-CR-115-D (E.D.N.C. Aug. 6, 2019), [D.E. 71, 91, 93]. The court cites only to the filings in case number 7:18-CR-115-D. The analysis, however, applies equally to Thacker's motions in case number 7:18-CR-95-D.

agreement, Thacker pleaded guilty to conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine. See Rule 11 Tr. [D.E. 50] 6–15. From no later than on or about January 1, 2016, to April 1, 2018, Thacker conspired to possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine. See id. After the court accepted Thacker's guilty plea, the court granted the government's request to allow Thacker to remain free and to cooperate with law enforcement. See id. at 18–24.

Almost immediately after being released and without law enforcement authorization, Thacker continued to deal large quantities of methamphetamine. See Presentence Investigation Report ("PSR") [D.E. 44] ¶¶ 19–23. On July 13, 2018, federal authorities arrested Thacker on a new federal indictment in case number 7:18-CR-115-D. See id. at ¶ 14; Sent. Tr. [D.E. 88] 20–23.

On February 5, 2019, in case number 7:18-CR-115-D, pursuant to a plea agreement, Thacker pleaded guilty to conspiracy to possess and distribute 500 grams of a mixture and substance containing a detectable amount of methamphetamine (count one) and possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of methamphetamine (count two). See [D.E. 32, 33]. The offense conduct in case number 7:18-CR-115-D arose when Thacker was on pretrial release in case number 7:18-CR-95-D. See PSR ¶¶ 14–23.

On August 6, 2019, the court held Thacker's sentencing hearing in both cases. The court adopted the facts as set forth in the PSR, heard witness testimony, and resolved Thacker's objections. See id.; Sent. Tr. 3–30; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Thacker's total offense level to be 40, his criminal history category to be VI, and his advisory guideline range to be 360 months' to life imprisonment. See Sent. Tr. at 29–30. During the sentencing hearing, the court also learned that Thacker had distributed crystal methamphetamine

2

while inside the jail and after being arrested in July 2018 on federal charges. See id. at 22–24. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Thacker to 480 months' imprisonment on count one in case number 7:18-CR-95-D, 480 months' concurrent imprisonment on count one in case 7:18-CR-115-D, and 360 months' concurrent imprisonment on count two in case number 7:18-CR-115-D. See id. at 46.

On August 21, 2019, Thacker appealed. See [D.E. 48]. On December 9, 2020, the United States Court of Appeals for the Fourth Circuit affirmed Thacker's convictions, enforced the appellate waiver in each plea agreement, and dismissed Thacker's appeal concerning his sentence. See [D.E. 68, 69]; United States v. Thacker, 830 F. App'x 720 (4th Cir. 2020) (per curiam) (unpublished). Thacker did not seek certiorari.

On September 7, 2022, Thacker moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his 480-month sentence. See [D.E. 73]. On January 23, 2023, the government moved to dismiss Thacker's section 2255 petition for failure to state a claim. See [D.E. 84, 85]. On February 6, 2023, Thacker responded in opposition. See [D.E. 87]. On August 14, 2023, the court granted the government's motion to dismiss and dismissed Thacker's section 2255 petition. See [D.E. 89].

II.

A court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Johnson, No. 23-6896, 2025 WL 1872486, at *2–3 (4th Cir. July 8, 2025); United States v. Bethea, 54 F.4th 826, 831 (4th Cir. 2022); United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th

3

Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Johnson, 2025 WL 1872486, at *3–4; Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see United States v. Ferguson, 55 F.4th 262, 268 (4th Cir. 2022). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See Johnson, 2025 WL 1872486, at *3–4; Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 585 U.S. 109, 115–20 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011); United States v. Burleigh, __ F.4th __, 2025 WL 2165938, at *4 (4th Cir. July 31, 2025); Johnson, 2025 WL 1872486, at *3–4; High, 997 F.3d at

4

186; Kibble, 992 F.3d at 331–32; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d); United States v. Davis, 99 F.4th 647, 659 (4th Cir. 2024); McCoy, 981 F.3d at 286 n.9.

The Sentencing Commission policy statement in U.S.S.G. § 1B1.13 applies to a defendant's compassionate release motion. See U.S.S.G. § 1B1.13(a). Section 1B1.13(b) lists several extraordinary and compelling reasons, including (1) a defendant's medical circumstances; (2) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her imprisonment term; (3) a defendant's family circumstances; (4) a defendant who suffered sexual abuse, or physical abuse with serious bodily injury, at the hands of those with custody over the defendant while serving the term of imprisonment sought to be reduced; (5) any other reasons similar in gravity to those described in paragraphs (1) through (4) of the policy statement; or (6) a qualifying change in the law that produces a gross disparity between the defendant's unusually long sentence being served and the sentence likely to be imposed at the time the motion is filed, after fully considering the defendant's individual circumstances. See U.S.S.G. § 1B1.13(b). A defendant's rehabilitation alone is not an extraordinary or compelling reason, but it "may be considered in combination with other circumstances in determining whether and to what extent a reduction . . . is warranted." U.S.S.G. § 1B1.13(d). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a" sentence reduction. U.S.S.G. § 1B1.13(e).

Thacker seeks compassionate release under section 3582(c)(1)(A) and argues that extraordinary and compelling circumstances exist because of an intervening judicial decision that

5

Thacker argues renders him "[a]ctually [i]nnocent of the offense of conviction," the COVID-19 Pandemic, and his rehabilitation efforts while federally incarcerated. [D.E. 71] 1–4; see [D.E. 91] 1–2. The court addresses Thacker's motion on the merits. See Ferguson, 55 F.4th at 268; Muhammad, 16 F.4th at 129–30.

As for the "medical condition of the defendant" policy statement, the policy statement requires that the defendant be "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). "To establish that the risk posed by COVID-19 presents an 'extraordinary and compelling reason' for release, a defendant must allege that the risk of contracting COVID-19 in a prison is higher than the risk outside the prison and that his preexisting medical condition increases his risk of experiencing a serious, or even fatal, case of COVID-19." United States v. Brown, 78 F.4th 122, 128 (4th Cir. 2023) (quotation omitted); see High, 997 F.3d at 185. This "inquiry is multifaceted and must account for the totality of the relevant circumstances." Bethea, 54 F.4th at 832 (quotations omitted); see Hargrove, 30 F.4th at 198. Courts examine whether "an inmate shows both a particularized susceptibility to COVID-19 and a particularized risk of contracting the disease at his prison facility." Brown, 78 F.4th at 128 (quotation omitted); see Hargrove, 30 F.4th at 196.

Thacker claims that he has "[m]edical [c]omorbidities" which put him at heightened risk of serious infection from COVID-19. [D.E. 71] 3. Thacker does not explain what comorbidities he has and has provided no medical records supporting these alleged medical concerns. See id. Furthermore, on February 25, 2021, Thacker received the COVID-19 vaccine. See [D.E. 71] 3; [D.E. 93-1]. The vaccine provides protection against COVID-19 infection. See, e.g., United States

6

Case 7:18-cr-00095-D    Document 72    Filed 08/01/25    Page 6 of 10

v. Salas, No. 22-6371, 2023 WL 3918695, at *2 (4th Cir. June 9, 2023) (per curiam) (unpublished); United States v. Jacques, No. 20-3276, 2022 WL 894695, at *2 (2d Cir. Mar. 28, 2022) (unpublished); United States v. Scalea, No. 21-2631, 2022 WL 795425, at *1 (3d Cir. Mar. 15, 2022) (unpublished); United States v. Shettler, No. 21-10484, 2022 WL 620311, at *4 (11th Cir. Mar. 3, 2022) (per curiam) (unpublished); United States v. Ibarra, No. 21-10255, 2022 WL 229198, at *1 (9th Cir. Jan. 25, 2022) (unpublished); United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021); United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021); United States v. Hald, 8 F.4th 932, 936 n.2 (10th Cir. 2021), cert. denied, 142 S. Ct. 2742 (2022); Broadfield, 5 F.4th at 803; United States v. Baeza-Vargas, 532 F. Supp. 3d 840, 843–46 (D. Ariz. 2021). And the wide availability of COVID-19 vaccines greatly diminishes the risk to Thacker from COVID-19 whether he is in prison or not. See, e.g., Scalea, 2022 WL 795425, at *1; Ibarra, 2022 WL 229198, at *1; Lemons, 15 F.4th at 751; Hald, 8 F.4th at 936 n.2; Broadfield, 5 F.4th at 803; Baeza-Vargas, 532 F. Supp. 3d at 843–46.

Thacker has failed to show "a particularized risk of contracting the disease at his prison facility." Brown, 78 F.4th at 128 (quotation omitted). The BOP houses Thacker at FCI McDowell. Currently, zero staff member and zero inmates are positive for COVID-19 at FCI McDowell. See BOP, BOP COVID-19 Statistics, https://www.bop.gov/coronavirus/covid19_statistics.html (last visited Aug. 1, 2025). BOP's aggressive vaccination efforts and robust COVID-19 procedures decrease Thacker's risk of contracting the disease at FCI McDowell. See id. Therefore, reducing Thacker's sentence because of his alleged risk factors and the general risk of COVID-19 in the prison environment does not comport with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

Thacker cites United States v. Norman, 935 F.3d 232, 239 (4th Cir. 2019), and argues that 21 U.S.C. § 846 "is not a controlled substance offense." [D.E. 71] 2–3. Thus, according to

7

Case 7:18-cr-00095-D    Document 72    Filed 08/01/25    Page 7 of 10

Thacker, Thacker is "[a]ctually [i]nnocent of the offenses of conviction." Id. (quotation omitted).

Section 2255 "is the exclusive remedy for challenging a federal conviction or sentence after the conclusion of the period for direct appeal, unless [section] 2255 is inadequate or ineffective, in which case the defendant may file a 28 U.S.C. § 2241 petition for habeas corpus." Ferguson, 55 F.4th at 270 (quotation omitted); see Farkas v. Warden, FCI Butner II, 972 F.3d 548, 550 (4th Cir. 2020). "[A] criminal defendant is foreclosed from the use of another mechanism, such as compassionate release, to sidestep [section] 2255's requirements." Ferguson, 55 F.4th at 270. Accordingly, "Norman is not an extraordinary and compelling reason warranting compassionate release" because this "claim attacks the validity of [Thacker's] sentence." United States v. Alston, 639 F. Supp. 3d 553, 558 (E.D.N.C. 2022), aff'd, No. 22-7312, 2023 WL 2160058 (4th Cir. Feb. 22, 2023) (per curiam) (unpublished); see, e.g., United States v. Evans, No. 6:19-CR-2, 2023 WL 424833, at *1 (W.D. Va. Jan. 26, 2023) (unpublished); United States v. Alston, No. 5:16-CR-74, 2022 WL 17472263, at *4 (E.D.N.C. Dec. 6, 2022) (unpublished); United States v. Rowsey, No. 5:18-CR-383, 2022 WL 17472204, at *3 (E.D.N.C. Dec. 6, 2022) (unpublished); United States v. Jones, No. 5:17-CR-22, 2022 WL 17472232, at *4 n.2 (E.D.N.C. Dec. 6, 2022) (unpublished). Thus, the court declines to use section 3582(c)(1)(A) to reduce Thacker's sentence on his convictions under 21 U.S.C. § 846.

Alternatively, in dismissing Thacker's section 2255 motion, the court explained that "Norman does not apply retroactively." [D.E. 89]. Moreover, "Thacker's sworn statements at his Rule 11 hearings belie his innocence claim." Id.

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, the intervening judicial decision Thacker cites, and Thacker's rehabilitative efforts are cumulatively compelling reasons under section 3582(c)(1)(A). The section 3553(a)

8

factors, however, counsel against reducing Thacker's sentence. See Burleigh, __ F.4th __, 2025 WL 2165938, at *4; Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32.

Thacker is 62 years old and engaged in serious criminal conduct involving over 8 kilograms of methamphetamine. See PSR ¶ 82. When Thacker engaged in his latest criminal activity, he was no stranger to drug trafficking. Between 1998 and 2016, Thacker pleaded guilty to state charges of unlawful possession of a controlled drug with intent to distribute (two counts), unlawful possession of a firearm in commission of a felony, endeavoring to manufacture a controlled drug, conspiracy to traffic methamphetamine, and maintaining a vehicle, dwelling, or place for the use, storage, or sale of a controlled substance. See id. at ¶¶ 40–43. Thacker also pleaded guilty to state charges of simple assault, breaking and entering (three counts), larceny after breaking and entering (three counts), larceny of a firearm, possession of stolen goods or property (two counts), and communicating threats. See id. at ¶¶ 28–39. Moreover, Thacker was undeterred by his guilty plea in case number 7:18-CR-95-D and continued to deal large quantities of methamphetamine while awaiting sentencing in that case. See id. at ¶¶ 19–23. Thacker also continued to deal methamphetamine while in jail after being arrested in July 2018 on federal charges. See Sent. Tr. 22–24.

Thacker cites some positive rehabilitative efforts he has made while federally incarcerated, such as maintaining work assignments and taking educational courses. See [D.E. 91] 1–2; [D.E. 91-1] 2, 8. Thacker also notes he has only one infraction while incarcerated, and BOP classifies Thacker as a low risk level for recidivism. See [D.E. 91] 2; [D.E. 91-1] 3, 5.

Having considered the entire record, the section 3553(a) factors, Thacker's arguments, the need to punish Thacker for his horrible criminal behavior, to incapacitate Thacker, to promote

9

respect for the law, to deter others, and to protect society, the court denies Thacker's motion for compassionate release. See, e.g., Concepcion v. United States, 597 U.S. 481, 498–501 (2022); Chavez-Meza, 585 U.S. at 117–20; Pepper, 562 U.S. at 480–81; Burleigh, __ F.4th __, 2025 WL 2165938, at *4; Johnson, 2025 WL 1872486, at *3–4; United States v. Smith, 75 F.4th 459, 464–66 (4th Cir. 2023); United States v. Troy, 64 F.4th 177, 185 (4th Cir. 2023); United States v. Reed, 58 F.4th 816, 821–24 (4th Cir. 2023); United States v. Roane, 51 F.4th 541, 551–52 (4th Cir. 2022); Hargrove, 30 F.4th at 198–200; Kibble, 992 F.3d at 331–32; High, 997 F.3d at 187–91; United States v. Ruffin, 978 F.3d 1000, 1008–09 (6th Cir. 2020); United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); United States v. Hill, No. 4:13-CR-28, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

## III.

In sum, the court DENIES defendant's motions for compassionate release [D.E. 71, 91].

SO ORDERED. This __1__ day of August, 2025.

JAMES C. DEVER III
United States District Judge